**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam David Jesiah Kimbrough, ) | No. CV-13-00131-PHX-FJM |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| City of Buckeye; Mark Mann; Jonathan ) Hannaman, ) | |
| Defendants. ) | |

The court has before it defendants' motion to dismiss (doc. 11), plaintiff's response (doc. 17), and defendants' reply (doc. 19).

**I**

Plaintiff filed this action against the City of Buckeye, Police Chief Mark Mann and Police Officer Jonathan Hannaman, alleging violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as state law claims of false arrest and false imprisonment. Plaintiff's claims arise out of his arrest for driving under the influence on January 20, 2012. He alleges that he was stopped by Officer Hannaman for driving without a headlight, and although there was no indication that he was impaired, plaintiff was placed under arrest, transported to the police station, and subjected to a blood test. He was later released and no charges were filed.

1  Defendants now move to dismiss all state law claims on the ground that plaintiff failed to comply with Arizona's notice of claim statute, A.R.S. § 12-821.01. They also move to dismiss all federal claims against the City of Buckeye and Police Chief Mann for failure to state a claim.

## II. Notice of Claims

Under A.R.S. § 12-821.01, a plaintiff with a claim against a public entity or employee must first file a notice of claim with the entity or person within 180 days after the cause of action accrues. Compliance with the notice provision is a "mandatory and essential prerequisite," Martineau v. Maricopa County, 207 Ariz. 332, 334, 86 P.3d 912, 914 (Ct. App. 2004), and a plaintiff's failure to comply bars any claim, Falcon ex rel. Sandoval v. Maricopa County, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006). A claim against a public entity or employee accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B); Zuck v. State, 159 Ariz. 37, 40-41, 764 P.2d 772, 775-76 (Ct. App. 1988).

Plaintiff was arrested for driving under the influence on January 20, 2012, and was taken into custody. He speculates that he was not released from custody until the early morning hours of January 21, 2013, and that his release from custody triggers the accrual of his false arrest and false imprisonment claims. We disagree.

False arrest and unlawful imprisonment claims arise from the detention of a person without his consent and without lawful authority. Slade v. City of Phoenix, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975) ("The essential element necessary to constitute either false arrest or false imprisonment is unlawful detention."). At the time of his arrest, plaintiff knew that his arrest and imprisonment were not supported by lawful authority. He knew that he had been injured and knew the cause of the injury. Therefore, his claims for false arrest and false imprisonment accrued on January 20, 2012, the date of his arrest. See Hansen v. Stoll, 130 Ariz. 454, 460, 636 P.2d 1236, 1242 (Ct. App. 1981).

Under A.R.S. § 12-821.01, plaintiff had 180 days–until July 18, 2012–to serve his

- 2 -

1 notice of claim. His notice was served on the City of Buckeye and defendant Hannaman on
2 July 19, 2012–181 days after his cause of action accrued. Strict compliance with A.R.S. §
3 12-821.01 is required. Substantial compliance is not sufficient. Falcon, 213 Ariz. at 527,
4 144 P.3d at 1256. Because plaintiff did not serve his notice of claim within 180 days after
5 his causes of action accrued, his state law claims against the City of Buckeye and Hannaman
6 are statutorily time-barred.

7 Plaintiff acknowledges that defendant Mann was not served with a notice of claim at
8 all. Response at 3. Plaintiff was required to serve each defendant individually. His failure
9 to serve Mann with a notice of claim bars any state law claim asserted against Mann.
10 Defendants' motion to dismiss all state law claims against all defendants is granted.

### III. Section 1983 Claims

12 Defendants also move to dismiss the claims asserted against the City of Buckeye and
13 Police Chief Mann pursuant to 42 U.S.C. § 1983 for failure to state a claim. See Fed. R. Civ.
14 P. 12(b)(6). To maintain a § 1983 claim against the City of Buckeye and Mann in his official
15 capacity, plaintiff must allege that a "policy or custom" attributable to the City or Mann was
16 the "moving force" behind the constitutional deprivation. Monell v. Dept. of Soc. Servs.,
17 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). Plaintiff does not respond to this claim
18 other than to "submit[] this issue upon the pleadings in this case." Response at 3. This is
19 insufficient to oppose a motion to dismiss. A party's failure to respond to a motion to
20 dismiss is itself reason to grant the motion summarily. See LRCiv 7.2(i).

21 Plaintiff has not alleged any facts in his complaint to establish that a custom or policy
22 was the moving force behind the deprivation of his constitutional rights. Accordingly, the
23 § 1983 claims against the City of Buckeye and defendant Mann in his official capacity are
24 dismissed for failure to state a claim.

25 Similarly, plaintiff does not allege any facts to support Mann's liability in his
26 individual capacity. In order to support a § 1983 claim against a defendant in his individual
27 capacity, a plaintiff must allege facts to show that the defendant's individual actions caused
28 the constitutional violation. Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948

(2009). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. <u>Id.</u> Plaintiff's complaint is devoid of any allegation that defendant Mann's own individual actions violated his constitutional rights.

Therefore, plaintiff's § 1983 claims against the City of Buckeye and Mann are dismissed for failure to state a claim.

## IV

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 11). The only claim remaining in this case is the § 1983 claim asserted against defendant Hannaman.

DATED this 21st day of August, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge